

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 28, 2020.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| WC 56 EAST AVENUE, LLC, § | | Case No. 19-11649-TMD |
| Debtor-in-Possession, § | | |
| | | Chapter 11 |
| WC 56 EAST AVENUE, LLC, § | | |
| Plaintiff § | | Adversary Proc. No. 20-01020 |
| § | | |
| v. § | | |
| § | | |
| PENNYBACKER CAPITAL § | | |
| MANAGEMENT, LLC, et al. § | | |
| Defendants. § | | |

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

On August 3, 2020, the Defendants filed a Motion for Summary Judgment,[1] the Plaintiff responded on September 8, 2020,[2] and the Defendants filed a Reply about a week later.[3] In their summary judgment motion, the Defendants argued that the claim that they breached the loan agreement by posting the Plaintiff's property for foreclosure should be dismissed for two reasons: (1) the Plaintiff defaulted under the loan agreement because it owned a second piece of

---

[1] Mtn for Summ. J., ECF 27.
[2] Resp. to Mtn for Summ. J., ECF 32.
[3] Reply, ECF 33.

1

property and so the Defendants properly moved for foreclosure; and (2) the damages asserted for breach of contract are too speculative as a matter of law. In support, the Defendants presented a Possession and Use Agreement between the City of Austin and the Plaintiff wherein the Plaintiff warranted that it owned the second property[4] and argued that the loan agreement states that owning a second piece of property is a default under the loan.[5]

In response, the Plaintiff argued that summary judgment should be denied because: (1) discovery isn't complete so the motion is premature; (2) whether the Plaintiff owned the second property and whether owning a second piece of property would violate the loan agreement are issues of fact; and (3) the Plaintiff is entitled to damages because the foreclosure damaged its reputation and impacted its ability to refinance. But the Plaintiff did not submit any evidence in support of its response or explain why it had yet to seek any discovery.

To obtain summary judgment, the Defendants must show that there is no genuine dispute as to any material fact.[6] A "genuine issue" of "material fact" is one that could affect the outcome of the action or allow a reasonable fact finder to find for the non-moving party.[7] If the Defendants meet this standard, the Plaintiff must point to specific facts that put in dispute an issue of material fact.[8] The Court looks at the evidence in a light most favorable to the non-moving party.[9]

Here, the Defendants presented evidence to support their contention that the Plaintiff owned a second property. And the loan agreement makes clear that owning a second property is an event of default, regardless of whether the Plaintiff owned the property at the time the agreement was made or acquired the property at a later time.[10] The Plaintiff presented no

---

[4] Mtn for Summ. J., ECF 27, Ex. 8.
[5] Mtn for Summ. J., ECF 27, Ex. 2, pdf pgs. 32-33, 38-39.
[6] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[7] *James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).
[8] *Vulcan Constr. Materials v. Kibel (In re Kibel)*, 2011 WL 1042575, at *3 (Bankr. W.D. Tex. Mar. 16, 2011) (citing *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003)).
[9] *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).
[10] Mtn for Summ. J., ECF 27, Ex. 2, pdf pgs. 32-33; 38-39.
> **9.10 SINGLE PURPOSE ENTITY.** Borrower hereby represents and warrants to, and covenants with, Lender that Borrower has been, is and shall remain a single purpose bankruptcy remote entity and shall at all times comply with the following covenants:
> . . .
> (b) Borrower has not owned, does not own and will not own any asset or property other than (i) its interest in the Property and (ii) incidental personal property necessary for and used in connection with the ownership or operation of the same.

evidence to put this fact issue in dispute. The Plaintiff correctly noted that the discovery deadline does not run until October 19, 2020, but it failed to point to specific discovery that it intended to seek or explain why it had not started seeking discovery. Therefore, the Court finds that summary judgment should be granted in favor of the Defendants and that the breach of contract claim should be dismissed.[11] Because the breach of contract claim is the only remaining claim in this adversary proceeding, the Court also finds that this proceeding should be dismissed.

ACCORDINGLY, IT IS THEREFORE ORDERED that the Defendants' Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that this adversary proceeding is dismissed.

# # #