IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| WC 56 EAST AVENUE, LLC, | § § | Case No. 1:19-bk-11649 |
| Debtor-in-Possession. | § § | |

_____

| | | |
|---|---|---|
| WC 56 EAST AVENUE, LLC | § § | |
| Plaintiff, | § § | Adversary Proc. No. 20-01020 |
| v. | § § | |
| U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, *et al.*, | § § § | |
| Defendants. | § § | |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

Pursuant to Bankruptcy Rule 8003 (a) (1) and 28 U.S.C. §158 (a)(1), plaintiff WC 56 East Avenue, LLC ("<u>Plaintiff</u>") submits this Notice of Appeal in conformity with Official Bankruptcy Form B417.

**Part 1: Identity of appellant**

1. Name(s) of appellant(s): WC 56 East Avenue, LLC

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   ▪ Plaintiff

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:

   Order Granting Motion for Summary Judgment [Adv. D.I. 34]. A copy of the Order is

attached hereto as **Exhibit A**.

2. State the date on which the judgment, order, or decree was entered:

September 28, 2020

**Part 3: Identify the subject of this appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party:

U.S. Real Estate Credit Holdings III-A, LP

**Attorneys**:

David A. King
William Christian
Brian T. Cumings
GRAVES DOUGHERTY HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: (512) 480-5600
Facsimile: (512) 480-5862
dking@gdhm.com
wchristian@gdhm.com
bcumings@gdhm.com

2. Party:

Calmwater Asset Management, LLC

**Attorneys**:

David A. King
William Christian
Brian T. Cumings
GRAVES DOUGHERTY HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: (512) 480-5600
Facsimile: (512) 480-5862
dking@gdhm.com
wchristian@gdhm.com
bcumings@gdhm.com

3. Party:

   56 East Avenue, LP

**Attorneys:**

David A. King
William Christian
Brian T. Cumings
GRAVES DOUGHERTY HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: (512) 480-5600
Facsimile: (512) 480-5862
dking@gdhm.com
wchristian@gdhm.com
bcumings@gdhm.com

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

- ■ Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

Dated: October 8, 2020    CIARDI CIARDI & ASTIN

<u>Walter W. Gouldsbury III</u>
Albert A. Ciardi, III, Esquire
Walter W. Gouldsbury III, Esquire
(Admitted *Pro Hac Vice*)
1905 Spruce Street
Philadelphia, PA 19103
Tel:  (215) 557-3550
Fax:  (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

-and-

Daniel K. Astin, Esquire
(Admitted *Pro Hac Vice*)
1204 N. King Street
Wilmington, DE 19801
Tel:  (302) 658-1100

*Attorneys for Appellant*

# EXHIBIT A

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 28, 2020.**



_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| WC 56 EAST AVENUE, LLC, § | | Case No. 19-11649-TMD |
| Debtor-in-Possession, § | | |
| | | Chapter 11 |

| | | |
|---|---|---|
| WC 56 EAST AVENUE, LLC, § | | |
| Plaintiff § | | Adversary Proc. No. 20-01020 |
| § | | |
| v. § | | |
| § | | |
| PENNYBACKER CAPITAL § | | |
| MANAGEMENT, LLC, et al. § | | |
| Defendants. § | | |

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

On August 3, 2020, the Defendants filed a Motion for Summary Judgment,[1] the Plaintiff responded on September 8, 2020,[2] and the Defendants filed a Reply about a week later.[3] In their summary judgment motion, the Defendants argued that the claim that they breached the loan agreement by posting the Plaintiff's property for foreclosure should be dismissed for two reasons: (1) the Plaintiff defaulted under the loan agreement because it owned a second piece of

---

[1] Mtn for Summ. J., ECF 27.
[2] Resp. to Mtn for Summ. J., ECF 32.
[3] Reply, ECF 33.

1

property and so the Defendants properly moved for foreclosure; and (2) the damages asserted for breach of contract are too speculative as a matter of law. In support, the Defendants presented a Possession and Use Agreement between the City of Austin and the Plaintiff wherein the Plaintiff warranted that it owned the second property[4] and argued that the loan agreement states that owning a second piece of property is a default under the loan.[5]

In response, the Plaintiff argued that summary judgment should be denied because: (1) discovery isn't complete so the motion is premature; (2) whether the Plaintiff owned the second property and whether owning a second piece of property would violate the loan agreement are issues of fact; and (3) the Plaintiff is entitled to damages because the foreclosure damaged its reputation and impacted its ability to refinance. But the Plaintiff did not submit any evidence in support of its response or explain why it had yet to seek any discovery.

To obtain summary judgment, the Defendants must show that there is no genuine dispute as to any material fact.[6] A "genuine issue" of "material fact" is one that could affect the outcome of the action or allow a reasonable fact finder to find for the non-moving party.[7] If the Defendants meet this standard, the Plaintiff must point to specific facts that put in dispute an issue of material fact.[8] The Court looks at the evidence in a light most favorable to the non-moving party.[9]

Here, the Defendants presented evidence to support their contention that the Plaintiff owned a second property. And the loan agreement makes clear that owning a second property is an event of default, regardless of whether the Plaintiff owned the property at the time the agreement was made or acquired the property at a later time.[10] The Plaintiff presented no

---

[4] Mtn for Summ. J., ECF 27, Ex. 8.
[5] Mtn for Summ. J., ECF 27, Ex. 2, pdf pgs. 32-33, 38-39.
[6] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[7] *James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).
[8] *Vulcan Constr. Materials v. Kibel (In re Kibel)*, 2011 WL 1042575, at *3 (Bankr. W.D. Tex. Mar. 16, 2011) (citing *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003)).
[9] *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).
[10] Mtn for Summ. J., ECF 27, Ex. 2, pdf pgs. 32-33; 38-39.

> **9.10 SINGLE PURPOSE ENTITY.** Borrower hereby represents and warrants to, and covenants with, Lender that Borrower has been, is and shall remain a single purpose bankruptcy remote entity and shall at all times comply with the following covenants:
>
> . . .
>
> (b)   Borrower has not owned, does not own and will not own any asset or property other than (i) its interest in the Property and (ii) incidental personal property necessary for and used in connection with the ownership or operation of the same.

evidence to put this fact issue in dispute. The Plaintiff correctly noted that the discovery deadline does not run until October 19, 2020, but it failed to point to specific discovery that it intended to seek or explain why it had not started seeking discovery. Therefore, the Court finds that summary judgment should be granted in favor of the Defendants and that the breach of contract claim should be dismissed.[11] Because the breach of contract claim is the only remaining claim in this adversary proceeding, the Court also finds that this proceeding should be dismissed.

ACCORDINGLY, IT IS THEREFORE ORDERED that the Defendants' Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that this adversary proceeding is dismissed.

# # #